UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
NATIONAL POLICE OFFICERS                  :
SOLIDARITY COALITION, INC.,               :
et al.,                                   :
                                          :
          Plaintiffs                      :
                                          :          Civil Action No. 13-934 (FLW)
     v.                                   :
                                          :          **MEMORANDUM OPINION**
HON. AMY O'CONNOR, et al.,                :          **AND ORDER**
                                          :
          Defendants                      :
                                          :
_____       :

      This matter comes before the Court, *sua sponte*, by its Order to Show Cause, dated February 25, 2013 ("Order to Show Cause"), why this action should not be dismissed for lack of standing. The Court scheduled a hearing for March 12, 2013, at 11:00 am ("Hearing"). Present at the Hearing for the Plaintiffs were Eric Washington and Michael Mirayes. Prior to the hearing, Mr. Washington and Mr. Mirayes had submitted a letter and affidavit in response to the Order to Show Cause in support of their position.

      The Order to Show Cause identified two issues relating to standing in this matter: (1) the National Police Officers Solidarity Coalition's ("NJPOSC") failure to enter an appearance through counsel, and (2) the ambiguity as to whether the injuries alleged in the Complaint pertained to Mr. Washington, Mr. Mirayes, or some combination thereof. In that connection, the Order to Show Cause indicated that, of the three named plaintiffs, Mr. Washington was the only signatory to the Complaint. The Order to Show Cause also explained that NJPOSC, as a corporation, could not appear in federal court *pro se*, but could only appear through counsel, and, further, that Mr.

Washington, a non-attorney, could not represent Mr. Mirayes in this case if Mr. Mirayes was actually the proper plaintiff.

At the Hearing, Mr. Washington stated that he had not suffered any injuries alleged in the Complaint, but instead had filed the Complaint on behalf of the alleged injuries suffered by Mr. Mirayes. Mr. Washington also stated that he was aware of, and had been present, when these alleged injuries had occurred. Mr. Mirayes acknowledged that the claims in the Complaint were his own, that he had sought the assistance of Mr. Washington in filing the Complaint in federal court, and that he wished to proceed with the claims in the Complaint. Lastly, regarding the issue of the NJPOSC, both Mr. Washington and Mr. Mirayes explained that they believed that, as members of the NJPOSC, they could bring a claim by appearing on behalf of that entity, without the need for counsel.

Following these statements, and having briefly explained the relevant law, the Court determined that Mr. Washington was not a proper plaintiff in this matter, and ordered that he be dismissed from the action. Because Mr. Mirayes had not signed the Complaint, but indicated that he wished to proceed with the claims therein, the Court ordered that Mr. Mirayes would have 30 days in which to file an Amended Complaint that would be signed either by himself, appearing *pro se*, or, if he were to so choose, by an attorney who had entered an appearance on Mr. Mirayes' behalf. The Court further ordered that, should NJPOSC wish to proceed as a plaintiff, that an attorney must enter an appearance on behalf of NJPOSC and file or join Mr. Mirayes' Amended Complaint also within 30 days. Although I stated the basis for my rulings at the Hearing, I take the opportunity now to more fully explain my reasoning, as well as to address more specifically some of the arguments Mr. Washington and Mr. Mirayes raised in their papers.

I begin with the initial question of whether a corporation, or like entity, may appear in federal court *pro se*. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993); *see also United States v. Cocivera*, 104 F.3d 566, 572-73 (3d Cir. 1996) ("[T]he general rule [is] that a corporation may not be represented by other than licensed counsel . . . ."). This rule is also codified at 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In *Rowland*, the Supreme Court held that § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." 506 U.S. at 202. The cases cited by Mr. Washington and Mr. Mirayes are not to the contrary. Specifically, their reliance on *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), is misplaced. The Supreme Court in *Abood* held that there is a right to associate with laypersons for the purpose of being directed to legal advice and representation, which a state may not constitutionally forbid. Nothing in *Abood*, however, provides support for Mr. Washington's and Mr. Mirayes' position that NJPOSC can appear in federal court *pro se*.

The other issue raised in the Order to Show Cause, and addressed by Mr. Washington in his affidavit and at the Hearing, is whether Mr. Washington, a layperson, can represent Mr. Mirayes in this action and appear on his behalf. Mr. Washington contends that there is a right to refuse to be represented by counsel and, instead, to be represented by a layperson. Again, the law is squarely to the contrary. The Third Circuit has previously considered and rejected this very argument in *United States v. Wilhelm*, 570 F.2d 461, 465-66 (3d Cir. 1978). In that case, the Third Circuit analyzed the claim that the United States Supreme Court's decision in *Faretta v. California*, 422 U.S. 806 (1975),

established an individual right to lay representation, *i.e.*, that the Supreme Court's recognition of a constitutional right of self-representation in *Faretta* implied a power to delegate representation to lay persons of a party's choosing. In rejecting this argument, the Third Circuit explained:

> *Faretta* did not hold that a lay defendant's right of self-representation was encompassed by the "assistance of counsel" clause. Rather, the Supreme Court discerned the right of self-representation as independently rooted in the structure of the Sixth Amendment, which personally guarantees the defendant the rights to be "informed of the nature and cause of the accusation" and to be "confronted with the witnesses against him." . . . Thus, *Faretta* recognized two independent Sixth Amendment rights of representation the right of self-representation and the right to assistance of counsel. **There is no comparable Sixth Amendment source of a right to delegate the power of self-representation to lay persons who do not qualify to render the assistance of counsel**.

*United States v. Wilhelm*, 570 F.2d at 465-66 (citation omitted; emphasis added). *Wilhelm* has not been overruled, and – because decisions of the Third Circuit are precedential – it controls the Court's decision in this matter.

In that connection, the cases cited by Mr. Washington in his affidavit filed in response to the Order to Show Cause do not support his position. For example, in *United States v. Tarlowski*, 305 F. Supp. 112 (E.D.N.Y. 1969), the district court did not hold that there is a right to have a layperson as counsel in federal court. Rather, the *Tarlowski* Court explained that the Government may not prevent an individual from relying on the advice of "counsel" of his or her choosing during an interrogation taking place solely in the context of being in custody following an arrest. *See id.* at 124 ("When a federal official's interference with the right of free association takes the form of limiting the ability of a criminal suspect to consult with, and be accompanied by, a person upon whom he relies for advice and protection, he gravely transgresses."). Significantly, the *Tarlowski* Court only addressed the issue of "counsel" in the context of whether the Government had violated the defendant's *Miranda* rights in the context of an interrogation following an arrest; *Tarlowski* did not

hold that there is any right to lay representation in federal court.  Similarly, none of the freedom of association cases cited by Mr. Washington establish a right of association that encompasses the right to lay representation in federal court.  *See, e.g.*, *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 258 (1977) ("Disassociation with a public-sector union and the expression of disagreement with its positions and objectives therefore lie at the core of those activities protected by the First Amendment."); *Bhd. of R. R. Trainmen v. Virginia ex rel. Va. State Bar*, 377 U.S. 1, 8 (1964) (balancing state's valid interest in regulating practice of law with First Amendment freedom of association, but not holding that state must permit lay representation).  Lastly, there is also no merit to the argument in this case that restricting the practice of law to licensed attorneys is unconstitutional.  *See Arons v. New Jersey State Bd. of Educ.*, 842 F.2d 58, 63 (3d Cir. 1988) (finding no error in the reasoning "that since New Jersey could ban the practice of law altogether by unlicensed persons, the state could impose restrictions on lay practitioners"); *Thomas v. Collins*, 323 U.S. 516, 544 (1945) (Jackson, J., concurring) ("[a] state may forbid one without its license to practice law as a vocation ").

     For these reasons and the reasons set forth at the Hearing, and based on the representation that the claims in the Complaint pertain to Mr. Mirayes but not Mr. Washington, the Court has determined that Mr. Washington is not a proper party to the Complaint and, as a non-lawyer, cannot appear for or represent Mr. Mirayes or NJPOSC in this matter.  In that connection, because the Complaint was signed only by Mr. Washington, in order for Mr. Mirayes and/or NJPOSC to proceed with this action, an Amended Complaint must be filed, which must be signed by the attorney appearing for NJPOSC, if it wishes to proceed, and by Mr. Mirayes or an attorney who has entered an appearance on Mr. Mirayes behalf.  The Court having considered the parties' submissions, oral argument, and for good cause shown;

**IT IS** on this 13th day of March, 2013,

**ORDERED** that Eric Washington is **DISMISSED** as a plaintiff in this action; and it is further

**ORDERED** that should Michael Mirayes wish to proceed with representation, an attorney must enter an appearance on his behalf and file an Amended Complaint within 30 days, otherwise Michael Mirayes shall file the Amended Complaint himself within 30 days; and it is further

**ORDERED** that NJPOSC may proceed in this matter only if an attorney enters an appearance on its behalf and files/joins the Amended Complaint within 30 days.

/s/    Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge