**NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MIRAYES, | |
| Plaintiff | Civil Action No. 13-0934 (FLW) |
| v. | **OPINION** |
| HON. AMY O'CONNOR, *et al.*, | |
| Defendants. | |

**WOLFSON, United States District Judge:**

*Pro se* Plaintiff Michael Mirayes ("Plaintiff" or "Mirayes") filed an Amended Complaint against several New Jersey local and state government officials[1] ("Defendants"), asserting violations of his federal constitutional rights, through 42 U.S.C. §§ 1983, 1985-86, as well as violations of the New Jersey state constitution. The Amended Complaint is the latest filing by Plaintiff in a long history of litigation arising out of the decision of the Washington Borough Police Department to deny Mirayes his application for a firearm purchaser identification card ("FPIC"), without which an individual in the state of New Jersey cannot obtain certain types of personal firearms. *See* N.J.S.A. 2C:58-3. Currently before the Court is a motion to dismiss all

---

[1] In the Amended Complaint, Mirayes named the following New Jersey State and local officials as Defendants: the Honorable Amy O'Connor, J.S.C.; the Honorable John H. Pursel, J.S.C.; the Honorable Yolanda Ciccone, A.J.S.C.; the Honorable Philip S. Carchman, P.J.A.D.; the Honorable Anthony J. Parrillo, P.J.A.D.; the Honorable Staurt J. Rabner, C.J.; (former) Attorney General Paula T. Dow; Warren County Prosecutor Thomas S. Ferguson; Assistant Prosecutor Dit Mosco; Assistant Prosecutor James D. Donegan; Warren County Administrator Steve Marvin; and Somerset County Administrator Michael J. Amarosa. Defendant Attorney General Paula T. Dow has been substituted with current Acting Attorney General John J. Hoffman pursuant to Fed. R. Civ. P. 25(d).

counts of the Amended Complaint, *inter alia*, under Fed. R. Civ. P. 12(b)(1) on the basis that the *Rooker-Feldman* doctrine bars this Court from exercising subject matter jurisdiction over Mirayes' claims. For the reasons that follow, the motion to dismiss is granted and the Amended Complaint is dismissed.

**BACKGROUND**

Plaintiff's Amended Complaint, although lengthy, lacks certain background facts integral to Plaintiff's claims, including the results in previous state court rulings from which his claims arise; however, Plaintiff has filed additional exhibits to the Amended Complaint relating to the state court proceedings that provide the necessary clarity to his claims. *See* Dkt. No. 25. Because Plaintiff, in the Amended Complaint, alleged the existence of these state court proceedings, and because they are integral to Plaintiffs' claims, I rely on these additional exhibits when necessary to supplement the allegations of the Amended Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." (Internal quotation marks omitted.)); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n. 3 (3d Cir. 1988) (courts may take notice of the record in prior proceedings to compromise the current record). Moreover, as explained *infra*, Defendants raise a factual challenge to jurisdiction, and thus in analyzing Plaintiff's claims, I am not limited to the facts alleged in the Amended Complaint. *See Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Since the parties do not dispute the background from which Plaintiff's claims arise, for convenience I draw from the procedural history of previous state court decisions when helpful.

Mirayes is a former New Jersey State Police Officer currently residing and working in South Orange, New Jersey. Am. Compl., ¶ 4; *In re M.M.*, No. A-5086-08T4, 2010 WL 1427268, at *1 (N.J. Super. Ct. App. Div. Apr. 9, 2010). In 2000, Mirayes was involved in several disputes with his then wife, R.M., which resulted in R.M. obtaining a temporary restraining order ("TRO") against Mirayes under the New Jersey Prevention of Domestic Violence Act of 1991 (the "Act"). *In re M.M.*, 2010 WL 1427268, at *1 (citing N.J. Stat. Ann. 2C:25-17 to -35). In accordance with the Act, State and local police seized Mirayes' firearms—two personal firearms and a single service weapon—and Mirayes' FPIC.[2] *Id.* Following investigation and the dissolution of the TRO, Mirayes' service weapon was returned to him, but Mirayes' personal firearms and FPIC were not. *Id.* Two years later, in 2002, following another domestic violence complaint from R.M., the Warren County Prosecutor moved for a weapons forfeiture hearing in the Warren County Superior Court, Law Division, to determine whether Mirayes' personal weapons should be returned. *Id.* Defendant Honorable Amy O'Connor heard testimony from R.M. and Mirayes regarding both the 2000 and 2002 domestic violence complaints and Mirayes' fitness to carry a weapon. *Id.* at *1-*2. At the close of the hearing, Judge O'Connor ordered Mirayes to forfeit his FPIC and personal firearms on the grounds that he still posed a danger to his ex-wife. *Id.* at *2. In support of the August 2002 order, Judge O'Connor relied on *In re Return of Weapons to J.W.D.*, 149 N.J. 108, 116 (1997), which held that a gun owner may be

---

[2] At the time of seizure, three weapons were taken from Mirayes: a service weapon and two personal firearms. The State Police retained possession of his service weapon pending the outcome of an internal investigation because Mirayes was a police officer. The two personal firearms and Mirayes' FPIC were released to the Warren County Prosecutor's Office in accordance with state law. *In re M.M.*, 2010 WL 1427268, at *1 (citing N.J.S.A. 2C:25-21(d)(2) ("A law enforcement officer shall deliver all weapons, firearms purchaser identification cards and permits to purchase a handgun seized pursuant to this section to the county prosecutor . . . .")).

3

required to forfeit personal firearms under the Act if it is believed that the gun owner is a threat "to public health, safety or welfare." *In re M.M.*, 2010 WL 1427268, at *2.

In 2004, Mirayes moved in the Warren County Superior Court to have the 2002 forfeiture order vacated. *Id.* After hearing arguments, the Law Division denied the motion to vacate by order of June 29, 2004. *Id.* Mirayes then filed a motion for reconsideration, alleging a change in circumstances and requesting the court to return his FPIC and firearms. The court denied Mirayes' motion for reconsideration, finding that Mirayes failed to demonstrate his right to firearm ownership under N.J.S.A. 2C:39-7[3] and N.J.S.A. 2C:58-3[4], New Jersey firearm statutes that prohibit persons from purchasing or owning firearms, *inter alia*, if their weapons were previously seized by the State, as the result of a domestic violence incident, and have not been returned. *In re M.M.*, 2010 WL 1427268, at *2-*3. Mirayes appealed the Law Division's holding to the Appellate Division, which affirmed; Mirayes' further appeal was denied certification by the New Jersey Supreme Court. *See State v. Mirayes,* No. A-3397-04T5, 2006 WL 1542594 (N.J. Super. Ct. App. Div. June 6, 2006), *cert. denied*, 198 N.J. 103 (N.J. 2006).

In January 2008, Mirayes filed an application with the Washington Borough Police Department in an attempt to obtain a new FPIC. *In re M.M.*, 2010 WL 1427268, at *3. It is from this application that the claims in the Amended Complaint appear to arise. The Washington Borough Police Department denied his application pursuant to N.J.S.A. 2C:58-3(c)(8), which prevents a person from obtaining a new firearm license when his weapons have been seized

---

[3] N.J.S.A. 2C:39-7 lists the persons who may be prohibited from owning weapons in the State of New Jersey. Among those provisions is N.J.S.A. 2C:39-7(b)(3), which makes it a third-degree offense for a person who has lost a weapon pursuant to the Act, and that weapon has not been returned, from owning, purchasing, or otherwise procuring another weapon.

[4] N.J.S.A. 2C:58-3(c)(8) prohibits "any person whose firearm is seized pursuant to the Prevention of Domestic Violence Act of 1991 . . . and whose firearm has not been returned," from being issued a handgun purchase permit or FPIC.

4

following a domestic violence dispute and not yet returned. *In re M.M.*, 2010 WL 1427268, at *3. Mirayes appealed the department's decision to deny his application, but the appeal was denied without a hearing. *Id.* Mirayes then filed a motion for reconsideration; the Law Division held a hearing on the motion for reconsideration, wherein Mirayes argued that the denial of his FPIC application violated his constitutional right to possess a firearm. *Id.* The Law Division rejected Mirayes' argument and denied the motion for reconsideration. *Id.* Mirayes subsequently appealed his case to the Appellate Division, which again affirmed. *Id.* at *4. Mirayes unsuccessfully sought leave to appeal to both the Supreme Court of New Jersey and United States Supreme Court. *In re M.M.*, 203 N.J. 96 (2010), *denying cert. to In re M.M.*, 2010 WL 1427268; *Mirayes v. New Jersey*, 131 S.Ct. 1501 (2010), *denying cert. to In re M.M.*, 2010 WL 1427268.

On April 16, 2013, Mirayes filed an Amended Complaint in this Court alleging violations of his rights under the New Jersey and Federal Constitutions by various New Jersey state and local officials stemming from the seizure of his weapons and denial of his application for a FPIC.[5] Defendants filed a motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that Mirayes is barred from bringing such claims under the *Rooker-Feldman* doctrine.[6]

---

[5] The Court dismissed Mirayes' original Complaint, filed February 13, 2013, because Mirayes had not signed the Complaint, but granted Mirayes leave to filed the Amended Complaint. The Court, during a hearing on an order to show cause issued *sua sponte*, further advised Plaintiff that two additional named plaintiffs on the Complaint, as corporations, could not proceed *pro se*. Apparently in light of this, the Amended Complaint names Mirayes as the sole Plaintiff.

[6] Defendants also moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. I must consider Defendants' subject-matter challenge prior to the Rule 12(b)(6) challenge, which disposes of Defendants' motion; thus I do not need to reach Defendants' Rule 12(b)(6) arguments.

**STANDARD OF REVIEW**

A party may move for dismissal pursuant to Fed R. Civ. P. 12(b)(1) based on lack of subject matter jurisdiction. *Dasrath v. Cont'l Airlines, Inc.*, 228 F. Supp. 2d 531, 543-44 (D.N.J. 2002). The court, when faced with a Rule 12(b)(1) motion, must "start by determining whether [it is] dealing with a facial or factual attack to jurisdiction. If [it] is a facial attack, the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007); *see also Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (in reviewing a facial challenge, the court looks "only [to] whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). "If [it] is a factual attack, however, it is permissible for a court to review evidence outside the pleadings." *Atkinson*, 473 F.3d at 514. Moreover, the trial court is free to weigh and evaluate the evidence in determining whether its jurisdiction has been demonstrated. *Symczyk*, 656 F.3d at 191 n.4 (citing *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d at 891). A jurisdictional challenge is a factual challenge if "it concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *Atkinson*, 473 F.3d at 514. Under a factual attack, the plaintiff bears the burden of proof that jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Symczyk*, 656 F.3d at 191 n.4 ("When subject matter jurisdiction is challenged under rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Here, Defendants' jurisdictional challenge, relying on the *Rooker–Feldman* doctrine, is a factual challenge: as noted in the aforesaid procedural history, Defendants rely on facts and outcomes in the previous state court rulings, and Plaintiff has attached those documents as exhibits to his Amended Complaint. *Patetta v. Wells Fargo Bank, NA*, Civ. No. 09-2848(FLW),

2010 WL 1931256, at *5 (D.N.J. May 13, 2010); *Reed v. New Jersey Div. of Youth & Family Servs.*, Civ. No. 09-3765-NLH, 2012 WL 1224418, at *4 (D.N.J. Apr. 10, 2012) (treating *Rooker-Feldman* challenge as factual attack on court's jurisdiction).

**DISCUSSION**

In the Amended Complaint, Mirayes alleges multiple civil rights violations through 42 U.S.C. §§ 1983, 1985, and 1986, claiming that Defendants violated his federal constitutional First, Second, Fourth, Fifth, Sixth Seventh, Eighth, and Fourteenth Amendment rights by denying him a license to own and purchase a firearm. *E.g.*, Am. Compl., ¶¶ 27, 79. Specifically, Mirayes contends that he has met all necessary requirements for obtaining a firearm under the applicable New Jersey statutes, and thus the local officials and state court judgments denying his application for a FPIC constitute a violation of New Jersey state laws, the Federal Constitution, and the New Jersey Constitution; Mirayes also raises several additional claims based on common law or statutory causes of action.[7] *E.g.*, *id.* at ¶¶ 28-34, 55, 57-76.

Although the claims in the Amended Complaint are somewhat unclear, the relief sought by Mirayes is not. First, Mirayes seeks injunctive relief in the form of: (1) an order that Defendants return to Mirayes all firearms and rights to obtain a firearm without impediment, and that Defendants Chief Justice Rabner, Judge Carchman, Judge Parrillo, Judge Ciccone, Judge O'Connor, Judge Pursel, and Defendant Attorney General approve all of Mirayes' applications for firearms, permits, and identification cards pursuant to the laws of New Jersey; (2) an order restraining Defendants from "enforcing the firearm permit laws, so as to vex, annoy, deny, restrict or limit permits to purchase, carry or possess for any other reason than those specifically

---

[7] Among the additional causes of action listed in the Amended Complaint are: neglect of duty, official misconduct, false swearing, perjury, willful and emotional distress. *See* Am. Compl., ¶¶ 57-76, 86.

codified pursuant to the statutes and regulations of the State of New Jersey"; and (3) an order permanently restraining Defendants from denying a firearm permit on grounds that the person does not have a justifiable need or urgent necessity. *Id.* at ¶¶ 81, 83-85. Second, Mirayes requests a judgment declaring N.J. Stat. Ann. 2c:58-3(c)(8) facially invalid pursuant to the Second and Fourteenth Amendments of the federal constitution. *Id.* at ¶ 82. Last, Mirayes seeks $7,000,000 in compensation for damages resulting from "[n]eglect of duty, official misconduct, civil rights violations under color of law, false swearing, perjury, willful and emotional distress, cost of suit," and compensatory damages for injuries sustained from being deprived of his firearm for thirteen years. *Id.* at ¶ 86.

Defendants move to dismiss the Amended Complaint in its entirety on the basis that this Court lacks subject-matter jurisdiction over each and all of Mirayes' claims.[8] Defendants argue that Mirayes' claims represent nothing more than an appeal from the rulings of the New Jersey State Court decisions in which Mirayes was denied his application for a FPIC, as evidenced by the form of relief that Mirayes seeks in the Amended Complaint.

The *Rooker-Feldman* doctrine[9] prevents lower or "inferior" federal courts from sitting as appellate courts for state court judgments because such courts lack subject matter jurisdiction to entertain cases under appellate jurisdiction. *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (citing *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. and N.J. Police Dept.*, 973

---

[8] Initially, a motion to dismiss was filed by the following Defendants: Judge O'Connor, Judge Pursel, Judge Ciccone, Judge Carchman, Judge Parrillo, Chief Justice Rabner, Attorney General Jefferey S. Chiesa (replaced by Acting Attorney General John J. Hoffman), Warren County Prosecutor Thomas S. Ferguson, Assistant Prosecutor Dit Mosco, and Assistant Prosecutor James D. Donegan. *See* Dkt. No. 20. Shortly thereafter, Defendant Warren County Administrator Steve Marvin filed a motion to join in the motion to dismiss. *See* Dkt. No. 22. Because I conclude that this Court lacks jurisdiction over Mirayes' claims regardless of the defendant, it is not necessary for me to resolve Defendant Marvin's motion separately.

[9] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

F.2d 169 (3d Cir. 1992)); *see also Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992) (explaining that *Rooker-Feldman* derives from 28 U.S.C. § 1257, which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court."). The Third Circuit has recently clarified that there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *B.S. v. Somerset Cnty.*, 704 F.3d 250, 259-60 (3d Cir. 2013) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir. 2010)). In that connection, the *Rooker-Feldman* doctrine bars federal district courts from hearing cases under two circumstances: "'first, if the federal claim was actually litigated in state-court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, *meaning that federal relief can only be predicated upon a conviction that the state-court was wrong*.'" *In re Knapper*, 407 F.3d at 580 (emphasis added) (quoting *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004)).

The Third Circuit has cautioned that the *Rooker-Feldman* doctrine should be applied narrowly, and is limited to "state-court losers" "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting review and rejection of those judgments." *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d. Cir. 2008) (internal quotation marks omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). A losing party in a state court decision is permitted to bring a claim in federal court only if the claim is separate and "independent" from the matter litigated in state court. *Skinner v. Switzer*, 131 S.Ct. 1289, 1291 (2011) (quoting *Exxon Mobil*, 544 U.S. at 292-

9

94); *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547-48 (3d Cir. 2006). In determining whether a claim falls under the purview of the doctrine, courts look at the nature of the relief sought in federal court. *Valenti*, 962 F.2d at 297. If granting the relief sought would render the state court judgment ineffectual or require the federal court to conclude that the state court judgment was erroneously entered into, then the plaintiff's claims are barred. *FOCUS v. Alleghany County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).

The first step in determining the applicability of the *Rooker-Feldman* doctrine is defining "exactly what the state-court held." *Gulla v. North Strabane Tp.*, 146 F.3d 168, 171 (3rd Cir. 1998) (quoting *FOCUS*, 75 F.3d at 840). Here, I begin with the Appellate Division's decision in *In re M.M.*, 2010 WL 1427268, the most recent, final state court decision arising from the Washington Borough Police Department's denial of Mirayes' application for a FPIC, and the clear basis for the injury Mirayes complains of in the Amended Complaint. *Compare id.* at *4-*5, *with* Amend. Compl., ¶¶ 31-34.

On appeal in *In re M.M.*, Mirayes advanced three challenges to the denial of his FPIC application. First, Mirayes argued that under the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), the forfeiture of his firearms and FPIC violated his Second Amendment constitutional right to bear arms. *In re M.M.*, 2010 WL 1427268, at *4. Second, Mirayes argued that the Washington Borough Police Department and lower court incorrectly determined that the applicable New Jersey statutes, N.J.S.A. 2C:25-21(d)(3) and 2C:58-3(c)(8), disqualified Mirayes from possessing a FPIC because at the time of his most recent FPIC application he was not subject to a domestic violence restraining order. *Id.* Third, Mirayes argued that application of N.J.S.A. 2C:58-3(c)(8) to his circumstances violated the *ex post facto* clauses of the United States and New Jersey Constitutions, as the statute was not in

effect at the time the first TRO was issued against him. *Id.* at *4, *8. The Appellate Division rejected each of Mirayes' claims as meritless, and affirmed the decision of the Law Division. *See id.* at *4-*8.

In addressing Mirayes' first argument, the court held that the State of New Jersey could require firearm holders to obtain an FPIC or other similar permit without running afoul of the Supreme Court's interpretation of the Second Amendment in *Heller*. The Appellate Division explained that the Second Amendment right to bear arms is not unlimited, and the government may impose reasonable restrictions on those seeking to purchase and own a firearm; thus, laws forbidding the possession of a firearm by "a person found to have committed domestic violence [are] valid, appropriate, and sensible limitation[s] on an individual's Second Amendment rights." *Id.* at *4 (quoting *Crespo v. Crespo*, 408 N.J. Super. 25, 43 (App. Div. 2009), *aff'd*, 201 N.J. 207 (2010)). In that connection, the Appellate Division determined that to resolve Mirayes' claim, it was unnecessary to decide whether the Second Amendment applied to the states—an open question at that time, prior to the Supreme Court's later decision in *MacDonald v. Chicago*, 130 S.Ct. 3020 (2010)—because the withholding of gun licenses from domestic violence offenders would be considered a reasonable restriction under the federal standards set forth in *Heller*. *Id.* Accordingly, the *In re M.M.* court concluded that both the seizure of Mirayes' firearms and the denial of his application for a FPIC, based upon multiple domestic violence complaints, did not violate Mirayes' Second Amendment rights. *Id.*

In addressing whether N.J.S.A. 2C:25-21(d)(3) and 2C:58-3(c)(8) operated to prevent Mirayes from obtaining a FPIC when he was not currently subject to a domestic violence restraining order, the Appellate Division found that N.J.S.A. 2C:58-3(c)(8) prohibits persons who have lost a firearm under the Act from obtaining a new weapon or FPIC when their seized

weapons have not been returned. *Id.* at \*6. The Appellate Division further noted that N.J.S.A.2C:25-21(d)(3) provides that an owner's firearms could be seized on grounds that the owner continued to pose a threat to the public or because a domestic violence situation persisted, even if the original restraining order was dismissed. *Id.* (citing *In re Return of Weapons to J.W.D.*, 149 N.J. 108, 116-18 (1997)). Therefore, relying on both statutes, the state possessed the statutory power to deprive Mirayes of his FPIC and firearms because the forfeiture hearings sufficiently established that Mirayes continued to pose a threat to his wife and that "the domestic violence situation persisted." *Id.* at \*6-\*7.

Lastly, the Appellate Division held that N.J.S.A. 2C:58-3(c)(8) permissibly bars Mirayes from obtaining a FPIC, even though the initial TRO was filed prior to passage of the statute, because the *ex post facto* provision of the Federal Constitution "applies only to penal or criminal statutes, not to regulatory provisions," and New Jersey gun control laws are considered regulatory provisions. *Id.* at \*7 (citing *United States v. Ward*, 448 U.S. 242, 248-49 (1980); *State v. Muhammad*, 145 N.J. 23, 56 (1996); *Doe v. Poritz*, 142 N.J. 1, 46 (1995)). Accordingly, the Appellate Division concluded that it was constitutionally permissible to require Mirayes to comply with the statute when it came into effect in 2004, and rejected Mirayes' argument to the contrary.

In sum, the Appellate Division's opinion in *In re M.M.* addressed (1) the constitutionality of the forfeiture hearing; (2) the validity of the state's application of N.J.S.A. 2C:25-21(d)(3) or N.J.S.A. 2C:58-3(c)(8); and (3) the constitutionality of N.J.S.A. 2C:58-3(c) as applied to state-court forfeiture order. Each of the Appellate Division's conclusions were unfavorable to Mirayes, and as neither the New Jersey nor United States Supreme Court agreed to hear Mirayes'

subsequent appeal attempts, the Appellate Division's conclusions in *In re M.M.* represent the final state court judgment in this matter.

Returning to Mirayes' claims before this Court, after reviewing the Amended Complaint and supplementary filings—and specifically, the nature of relief sought, *see Valenti*, 962 F.2d at 297—it is clear that Mirayes' claims are barred by *Rooker-Feldman* and accordingly must be dismissed for lack of subject matter jurisdiction. In the Amended Complaint, Mirayes requests an injunction ordering Defendants to (1) return all firearms to him and (2) issue him an FPIC and other firearm permits. Am. Compl. ¶ 81. Although Mirayes does not explicitly complain of the Appellate Division's decision in *In re M.M.*, it is abundantly clear that the relief Mirayes seeks here arises out of the denial of the seizure of his personal firearms and his application for a FPIC. *See id.* at ¶ 33 ("Plaintiff, appealed the instant complain, for restoration of his second amended right which has been denied and taken away from him for the past twelve years without probable cause, legal, or statutory justification by all named Defendant's [*sic*]."); *id.* at ¶ 57 ("Plaintiff, appealed his complaint to the State court of last resort, which refused its statutory obligation to resolve said matter, for which this law suit is a result."); *see also id.* at ¶ 30 ("Defendant's [*sic*] argued and refuse to restore Plaintiff's constitutional rights, predicated upon a forfeiture order issued August 2004 . . . ."); *id.* at ¶ 31 ("Plaintiff, has pleaded and appealed said denials . . . to have his second amendment rights restored since 2004 to present without resolution).

Moreover, in order to grant Mirayes' requested injunction to return all firearms and FPIC to him, I would necessarily need to ignore the Appellate Division's determination that Mirayes does not have a right to his personal firearms or an FPIC, and find to the contrary that Mirayes satisfies the statutory requirements for his permit application and the return of his firearms. Put differently, Mirayes is seeking to appeal from, and have this Court reverse, the Appellate

Division's conclusion that his FPIC application was properly denied. Such relief is barred by the *Rooker-Feldman* doctrine. *See In re Knapper*, 407 F.3d at 580 (explaining that *Rooker-Feldman* bars "federal relief [that] can only be predicated upon a conviction that the state-court was wrong"); *cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d at 167 ("[W]hen the source of the injury is the defendant['s] actions (*and not the state court judgments*), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court." (Emphasis added, internal quotation marks omitted.)).

The same reasoning largely applies to Mirayes' requests for injunctions to prevent Defendants from enforcing the applicable New Jersey firearms statutes. The first requested injunction seeks to preclude Defendants from "enforcing the firearm permit laws, so as to vex, annoy, deny, restrict or limit permits to purchase, carry or possess for any other reason than those specifically codified pursuant to the statutes and regulations of the State of New Jersey." Am. Compl., ¶ 84. In the second request, Mirayes seeks to permanently enjoin Defendants from denying or restricting firearm permits "on the grounds that the Plaintiff does not have a justifiable need or urgent necessity." *Id.* at ¶ 85. Both of these requested injunctions would require this Court to overturn, or at the very least undermine, the Appellate Division's decision that Mirayes was correctly denied an FPIC and other permits under New Jersey's firearms statutes.

In *In re M.M.*, as previously noted, the Appellate Division determined that the firearm statutes, relied on by the Washington Borough Police Department to deny Mirayes a FPIC and the Law Division in upholding that decision, were reasonable limitations on the Second Amendment right to bear arms under the Second Amendment, and that they were correctly applied to Mirayes by the police department and lower court. Indeed, the Appellate Division

stated that there was "no constitutional violation *per se* in either the seizure of [Mirayes'] weapons or the denial of a FPIC." *In re M.M.*, 2010 WL 1427268, at *5. Therefore, by requesting this Court to restrain Defendants from denying or restricting firearm permits "for any other reason than those specifically codified pursuant to the statutes and regulations of the State of New Jersey," and from restricting permits "on the grounds that the Plaintiff does not have a justifiable need or urgent necessity," Mirayes can only be understood as arguing that the Appellate Division incorrectly applied the New Jersey firearm statues to his circumstances. Again, Mirayes is barred from bringing these challenges under the *Rooker-Feldman* doctrine because they require this Court to conclude that the Appellate Division's judgment was entered into erroneously and because the relief he requests would render that judgment ineffectual. *FOCUS v. Alleghany County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).

To the extent that Mirayes' request to permanently enjoin Defendants from restricting firearm permits "on the grounds that the Plaintiff does not have a justifiable need or urgent necessity" could alternatively be viewed as a claim independent from the claims he raised in the underlying state court litigation, I nevertheless find that Mirayes lacks standing to bring such a challenge. To satisfy Article III standing, a plaintiff must demonstrate (1) that he or she has suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, *i.e.*, that the injury has to be fairly traceable to the defendant's challenged action; and (3) that it must be likely as opposed to merely speculative, the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In the present matter, the Appellate Division held that Mirayes does not have the present right to own a firearm or obtain a FPIC as a result of a previous forfeiture order. *See In re M.M.*, 2010 WL 1427268, at

*4-*5. Under the *Rooker-Feldman* doctrine, this Court has no jurisdiction to reverse or otherwise alter this holding of the Appellate Division. Mirayes therefore cannot allege or show that the operation of N.J.S.A. 2C:58-4(c) has caused him any harm; even if he were able to show he has a justifiable need under the statute, he nevertheless would be precluded from owning a firearm on other grounds. In other words, Mirayes has no standing to the challenge the "justifiable need or urgent necessity" requirement of N.J.S.A. 2C:58-4(c) because he fails to present a concrete and actual injury in fact to his right to possess a firearm based on this statutory provision. Thus, even if Mirayes' requested injunction relating to the operation of N.J.S.A. 2C:58-4(c) is not barred by *Rooker-Feldman*, he lacks standing to request such relief. Furthermore, since the filing of Mirayes' Amended Complaint, the Third Circuit has upheld the constitutionality of New Jersey's "justifiable need" requirement under N.J.S.A. 2C:58-4(c), which would appear to render Mirayes' claim meritless. *See Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013).

Beyond those injunctive requests, Mirayes seeks a declaration that from this Court that N.J.S.A. 2C:58-3(c)(8) is facially unconstitutional. Like Mirayes' other claims for relief, such a declaration is barred by *Rooker-Feldman*. The Appellate Division affirmed the constitutionality of N.J.S.A. 2C:58-3(c)(8), both facially and as applied to Mirayes, *see In re M.M.*, 2010 WL 1427268, at *4-*5, and thus any declaration by this Court to the contrary would necessarily entail a finding that the Appellate Division's decision was erroneous. As previously noted, in *In re M.M.*, the Appellate Division found that under the Second Amendment, prohibitions against firearm possession by "a person found to have committed domestic violence [are] valid, appropriate, and sensible limitation[s] on an individual's Second Amendment rights." *Id.* at *4; *see also id.* at *5 (finding "no constitutional violation *per se* in either the seizure of [Mirayes']

weapons or denial of a FPIC"). The Appellate Division explicitly ruled on the constitutionality of N.J.S.A. 2C:58-3(c)(8), and thus a declaration by this Court to the contrary would run afoul of *Rooker-Feldman*. The appropriate means for Mirayes to pursue his constitutional challenge is through an appeal to the New Jersey Supreme Court and, from there, the United States Supreme Court; and indeed, Mirayes pursued these appeals which were denied by each high court. Mirayes cannot now bring another collateral attack on the Appellate Division's decision in the District Court. *Valenti v. Mitchell*, 962 F.2d at 296.

In concluding, I note that it appears Mirayes previously filed a suit in federal court in 2007 similar to the instant suit and primarily based on the same underlying facts in this matter relating to the seizure of his personal firearms. *See Michael Mirayes v. State of New Jersey*, Civ. No. 07-868(GEB), 2007 WL 1421812, at *1 (D.N.J. May 11, 2007). In that case, Mirayes complained that his personal firearms had been seized in violation of his Second Amendment right, and that his appeals to the Appellate Division and New Jersey Supreme Court were improperly denied. *Id.* at *1. Mirayes then filed suit in federal court, requesting the district court: (1) "clarify" the application of N.J.S.A. 2C:58-3(c); (2) provide "'an explanation of denial [if said statute is not applicable] pursuant to law, as this was not done by the N.J. Supreme Court or Lower Courts'"; and (3) "'dismiss all orders of denials, and grant review, on the basis of divergent decisions, emerging from the lower courts, and reinstate Plaintiff's 2nd Amendment Right.'" *Id.* at *1, *3 (citing Pl. Compl., p.7). The district court held that Mirayes' complaint was a "text-book example of a request that violates the *Rooker-Feldman* doctrine" because Mirayes was asking the district court to "review the state court rulings in Plaintiff's underlying case, determine whether said rulings were proper, and if not, 'reinstate Plaintiff's right to bear arms.'" *Id.* at *3. The district court reasoned that "such 'demands' ultimately require [the

district court] to take an appellate posture over the state court rulings, which [the court] clearly cannot do pursuant to the *Rooker-Feldman* doctrine," and accordingly dismissed Mirayes' complaint for lack of subject matter jurisdiction. *Id.*

I find the court's reasoning in *Mirayes v. State of New Jersey*, highly pertinent to Defendants' jurisdictional challenged to the Amended Complaint. Here, Mirayes seeks the same such relief from this Court regarding the denial of his FPIC application and seizure of his personal firearms, and thus, like in *Mirayes v. State of New Jersey*, I conclude that the relief Mirayes seeks in the Amended Complaint—both injunctive and declaratory—is barred by the *Rooker-Feldman* doctrine as an impermissible appeal from the Appellate Division's holdings in *In re M.M.*[10]

Accordingly, Mirayes' Amended Complaint is dismissed in its entirety for lack of subject matter jurisdiction.[11] Moreover, although generally a *pro se* Plaintiff such as Mirayes would be

---

[10] The same reasoning applies to Mirayes' other causes of actions listed in the Amended Complaint, as they all arise out of the same alleged error in the Appellate Division's decision below. I further note that Mirayes also requests relief in the form of "damages due to [n]eglect of duty, official misconduct, civil rights violations under color of law, false swearing, perjury, willful and emotional distress, cost of suit," and for $7,000,000 to compensate for those damages. Review of the Amended Complaint reveals that these requests for relief are merely forms of damages, and not independent causes of action.; however, to the extent they could be considered additional claims against Defendants, I find that they are also barred by *Rooker-Feldman* for the same reasons stated above.

[11] Having determined that I lack subject matter jurisdiction over the Amended Complaint, I do not enter into any analysis of the merits of Mirayes' claims. However, assuming *arguendo* that Mirayes' claims are not barred under *Rooker-Feldman*, they nevertheless are meritless. Mirayes' claims against those Defendants who occupy judicial roles are barred on the basis of absolute judicial immunity, and the claims against those Defendants who occupy prosecutorial roles are barred on the basis of absolute prosecutorial immunity, as there is no question that the Plaintiff's claims arise from actions committed by Defendants while acting within their respective, official capacities. *See Bradley v. Fisher*, 80 U.S. 335 (1967); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (citing *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772-73 (3d Cir. 2000)). Moreover, even if Defendants were not operating in a judicial or prosecutorial capacity, there is no allegation that Defendants' actions occurred in any other context than as officials exercising discretionary

provided the opportunity to amend, here it is clear from the claims in the Amended Complaint and Mirayes' history of litigating similar claims that any amendment would be futile because it is all but impossible for him to avoid application of the *Rooker-Feldman* doctrine to his claims relating to his personal firearms and FPIC application. *See Mirayes v. State of New Jersey*, 2007 WL 1421812, at *3. Thus, the Amended Complaint is dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted, and Plaintiff's Amended Complaint is dismissed in its entirety for lack of subject matter jurisdiction. Because it appears any attempt to amend would be futile, the Amended Complaint is dismissed with prejudice. An appropriate order shall follow.

Date: December 9, 2013 /s/ Freda L. Wolfson
Hon. Freda L. Wolfson, U.S.D.J.

---

power, and thus they are further shielded from liability for civil damages for Mirayes' claims arising out of their conduct because, from the Amended Complaint, it appears that Defendants' actions were objectively reasonable. *Mirayes v. State of New Jersey*, 2007 WL 1421812, at *4 (citing *D.R. by L.R. v. Middle Bucks Area Vo. Tech. School*, 972 F.2d 1364, 1368 (3d Cir.1992) (en banc), *cert. denied*, 113 S. Ct. 1045 (1993)).